IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT
No. 23-2366

_____

| | | |
|---|---|---|
| K.C., *et al.*, | ) | United States District Court, Southern |
| | ) | District of Indiana, Indianapolis |
| Plaintiffs-Appellees, | ) | Division |
| | ) | |
| v. | ) | No. 1:23-cv-00595-JPH-KMB |
| | ) | |
| INDIVIDUAL MEMBERS OF THE | ) | |
| MEDICAL LICENSING BOARD, *et al.*, | ) | Hon. James Patrick Hanlon, |
| *et al.*, | ) | Judge |
| | ) | |
| Defendants-Appellants. | ) | |

### APPELLEES' MOTION TO STRIKE APPENDIX OF
### *AMICUS CURIAE* ALLIANCE DEFENDING FREEDOM

**COME NOW** Appellees, by their counsel, and request that this Court strike the three-volume appendix of *amicus curiae* Alliance Defending Freedom. The amicus has sought to introduce hundreds of pages of extra-record evidence and has filed a brief that makes extensive use of this evidence. As this Court's precedents make clear, even parties may not supplement (or supplant) the record in this manner, and amici certainly may not do so. In further support of this request, the appellees state as follows:

**INTRODUCTION AND PROCEDURAL HISTORY**[1]

This case concerns the constitutionality and legality of Indiana Senate Enrolled Act

---

[1] Citations to the district court docket ("Dkt.") are made to the page number assigned by the electronic-filing system. The amicus's appendix is cited as "App."

1

480 ("S.E.A. 480"), which generally prohibits the provision of gender-affirming care to Hoosier children. The appellants' ("State's") opening brief was filed on August 21, 2023, and the appellees' brief is currently due on September 20, 2023. At every step of this litigation, the State—represented by the Office of the Indiana Attorney General—has vigorously defended S.E.A. 480 against the appellees' legal claims.

In the district court, both parties relied extensively on expert testimony concerning the appropriateness of gender-affirming care for transgender minors. The appellees' three experts each submitted detailed initial reports and rebuttal reports (Dkts. 26-1 through 26-3, 58-2 through 58-4), and the State's five experts each submitted lengthy reports of their own (Dkts. 48-1 through 48-5). All eight of the parties' experts were deposed at length. (Dkts. 48-9 through 48-11, 58-5 through 58-9).

On August 28, 2023, a brief *amicus curiae* was filed by Alliance Defending Freedom ("ADF"). Rather than relying on the record developed by the parties to support its legal arguments, contemporaneously with the filing of its amicus brief, ADF filed a 752-page appendix (which has since been separated into three volumes). This appendix consists of 38 documents, mostly articles or similar publications of indeterminate provenance but also certain position or policy statements (App. 54-59, 537-38), financial documents pertaining to companies foreign to this litigation (App. 130-50, 438-50), and even an excerpt from a deposition taken in an entirely different case of an individual that neither party has identified as an expert here (App. 751-52).

Of the 38 documents submitted by ADF to support its amicus brief, it appears that only three are in the record in this case. (*Compare* Dkt. 49-5 *with* App. 307-437, Dkt. 49-6 *with* App. 151-306, *and* Dkt. 49-8 *with* App. 537-38). Some of the documents are referenced in one or more of the experts' reports, often as nothing more than a citation in a lengthy bibliography, but do not themselves appear in the record. (*Compare, e.g.*, Dkt. 48-1 at 37 *with* App. 119-29, Dkt. 48-3 at 136 *with* App. 610-18, *and* Dkt. 48-4 at 34 *with* App. 554-75). And a review of the record appears to indicate that 13 of the documents submitted by the amicus have not even been *referenced* by any of the parties' eight experts.[2]

**ARGUMENT**

The factual record on appeal here consists of "the original papers and exhibits filed in the district court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a) (cleaned up); *see also, e.g.*, *Design Basic, LLC v. Lexington Homes*, 858 F.3d 1093, 1103 n.6 (7th Cir. 2017); *United States v. Carroll*, 750 F.3d 700, 707 (7th Cir. 2014). Ignoring this limitation, rather than relying on the district court record, the amicus has instead filed dozens of its own exhibits

---

[2] Undersigned counsel has searched the materials submitted by the parties' expert witnesses in this case by the last name of the first-listed author of each of the materials tendered by the amicus. This search appears to reveal that ten of the professional publications in the amicus's appendix—those where the first-listed authors are Leung (App. 9-16), Stark (App. 22-25), Sackett (App. 68-69), Elenis (App. 110-18), Guyatt (App. 451-57), Balshem (App. 458-63), Cantor (App. 464-71), Andrews (App. 485-94), Chen (App. 539-53), and Maxwell (App. 712-15)—were not once cited by any of the parties' experts. In addition, the financial reports pertaining to Endo International (App. 130-50) and AbbVie (App. 438-50), as well as the deposition of Armand Antommaria (App. 751-52), were of course not cited by any of the parties' experts.

spanning hundreds of pages. Although three of its exhibits happen to appear in the record in this case, the overwhelming majority do not; as indicated, many are not even mentioned.

The amicus's supplementation of the record here would be improper even if a party attempted it. After all, "[a]s a general rule, [this Court] will not consider evidence on appeal that was not before the district court when it rendered its decision. Adding new evidence would essentially convert an appeal into a collateral attack on the district court's decision." *Midwest Fence Corp. v. U.S. Dep't of Transp.*, 840 F.3d 932, 946-47 (7th Cir. 2016) (citing cases); *see also, e.g.*, *Carroll*, 750 F.3d at 707 ("[W]e cannot consider the articles . . . because they were not presented to the district court and are not part of the record on appeal.") (citing Fed. R. App. P. 10(a)).

It is doubly inappropriate when attempted by an amicus: not only do the appellate rules grant no authorization to an amicus to file an appendix under any circumstances, *cf.* Fed. R. App. P. 30; 7th Cir. R. 30, but "[a]ny supplemental facts, true or not, provided by [an] amicus cannot be considered." *Cass Cnty. Music Co. v. Muedini*, 55 F.3d 263, 264 n.2 (7th Cir. 1995); *see also United States ex rel. Jones v. Franzen*, 676 F.2d 261, 266 n.7 (7th Cir. 1982) ("Amicus' brief includes numerous statements of fact not supported in an unchallenged record before us . . . . They are improper on this appeal."), *superseded on other grounds by statute as stated in Sanders v. Radtke*, 48 F.4th 502, 510 n.7 (7th Cir. 2022); *see also, e.g.*, *Bundren v. Parriott*, 245 F. App'x 822, 830 (10th Cir. 2007) (cautioning an

spanning hundreds of pages. Although three of its exhibits happen to appear in the record in this case, the overwhelming majority do not; as indicated, many are not even mentioned.

The amicus's supplementation of the record here would be improper even if a party attempted it. After all, "[a]s a general rule, [this Court] will not consider evidence on appeal that was not before the district court when it rendered its decision. Adding new evidence would essentially convert an appeal into a collateral attack on the district court's decision." *Midwest Fence Corp. v. U.S. Dep't of Transp.*, 840 F.3d 932, 946-47 (7th Cir. 2016) (citing cases); *see also, e.g.*, *Carroll*, 750 F.3d at 707 ("[W]e cannot consider the articles . . . because they were not presented to the district court and are not part of the record on appeal.") (citing Fed. R. App. P. 10(a)).

It is doubly inappropriate when attempted by an amicus: not only do the appellate rules grant no authorization to an amicus to file an appendix under any circumstances, *cf.* Fed. R. App. P. 30; 7th Cir. R. 30, but "[a]ny supplemental facts, true or not, provided by [an] amicus cannot be considered." *Cass Cnty. Music Co. v. Muedini*, 55 F.3d 263, 264 n.2 (7th Cir. 1995); *see also United States ex rel. Jones v. Franzen*, 676 F.2d 261, 266 n.7 (7th Cir. 1982) ("Amicus' brief includes numerous statements of fact not supported in an unchallenged record before us . . . . They are improper on this appeal."), *superseded on other grounds by statute as stated in Sanders v. Radtke*, 48 F.4th 502, 510 n.7 (7th Cir. 2022); *see also, e.g.*, *Bundren v. Parriott*, 245 F. App'x 822, 830 (10th Cir. 2007) (cautioning an

amicus "to provide adequate references to facts developed in the district court record"); *Dodger's Bar & Grill, Inc. v. Johnson Cnty. Bd. of Cnty. Comm'rs*, 32 F.3d 1436, 1445 n.8 (10th Cir. 1994) (striking portions of an amicus brief and appendix "[t]o the extent [they] contain alleged factual matters not before the district court"). Had the materials on which ADF relies been properly submitted to the district court by the State, the appellees or their experts may very well have had something to say about them.

Of course, the appellees recognize that it is common practice for an amicus to support its legal arguments with occasional citation to professional literature or judicially noticeable materials. But that is not what ADF has done here. To the contrary, it has attempted to create its own factual record and has improperly relied on that "record" to improperly present a "highly partisan . . . account of the facts." *Funbus Sys., Inc. v. Cal. Pub. Utilities Comm'n*, 801 F.2d 1120, 1124 (9th Cir. 1986) (quoting *New England Patriots Football Club, Inc. v. Univ. of Colo.*, 592 F.2d 1196, 1198 n.3 (1st Cir. 1979)). That is not the role of an amicus, and ADF's appendix must be stricken in its entirety.

The appellees recognize that this Court has discretion either to strike the related brief or to simply decline to consider the extra-record factual statements contained within the brief. *Compare, e.g., Franzen*, 676 F.2d at 266 n.7 (declining to consider facts submitted by an amicus), *with Dodger's Bar & Grill*, 32 F.3d at 1445 n.8 (striking amicus brief to the extent that it relied on facts not before the district court). Given that the brief's reliance on legal authorities is sparse and that nearly every page contains at least one citation (and

often several citations) to ADF's appendix, it is impossible to divorce the arguments advanced in the amicus brief from the evidentiary record that ADF has inappropriately attempted to create. Whether formally stricken or not, this Court should therefore afford the brief no weight.

## Conclusion

The three-volume appendix submitted by ADF as *amicus curiae* should be stricken. This Court should afford the related amicus brief, which heavily depends on improperly filed materials, no weight.

/s/ *Gavin M. Rose*
Gavin M. Rose
Kenneth J. Falk
Stevie J. Pactor
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
grose@aclu-in.org
spactor@aclu-in.org

Chase Strangio
Harper Seldin
American Civil Liberties Union
125 Broad St.
New York, N.Y.
212/549-2500
cstrangio@aclu.org
hseldin@aclu.org

Attorneys for Appellees

## CERTIFICATE OF WORD COUNT

I hereby certify that this filing complies with the type-volume limitation of Rule 27(d) of the Federal Rules of Appellate Procedure insofar as it contains fewer than 5,200 words.

>                             /s/ *Gavin M. Rose*
>                             Gavin M. Rose
>                             Attorney at Law

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of September, 2023, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. Service will be made on all ECF-registered counsel by operation of the Court's electronic system.

>                             /s/ *Gavin M. Rose*
>                             Gavin M. Rose
>                             Attorney at Law