# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| K.C., et al,<br><br>    *Plaintiffs-Appellees,*<br><br>v.<br><br>Individual Members of the Medical Licensing Board, et al.<br><br>    *Defendants-Appellants.* | No. 23-2366 |

## MOTION TO STRIKE

Pursuant to Federal Rule of Appellate Procedure 27, Defendants-Appellants (the State) respectfully move to strike new arguments raised by Plaintiffs-Appellees for the first time on reply.

## BACKGROUND

This appeal arises from a constitutional challenge to Indiana's S.E.A. 480, a statute regulating gender-transition procedures for minors. A district court preliminarily enjoined the statute's enforcement, but after merits briefing and oral argument, a panel of this Court stayed the preliminary injunction. 7th Cir. Doc. 124. Two rounds of motions practice over the stay followed.

In their most recent motion, Plaintiffs-Appellees requested en banc reconsideration of the stay. 7th Cir. Doc. 135. They observed that one of the four considerations relevant to a stay pending appeal is "whether the stay applicant has made a strong showing that he is likely to succeed on the merits." *Id.* at 11 (quoting

1

*Nken v. Holder*, 556 U.S. 418, 426 (2009)). But they addressed the parties' chances of success only in a footnote, reproduced below in its entirety:

> Appellees herein further submit that none of the stay factors were met and the [panel's stay] is contrary to the controlling standard in its entirety. But given that no reasoning was provided and there was no underlying Motion briefed, Applicants rely on their merits brief on appeal for support of their argument that a stay was improper because Appellants are unlikely to succeed on the merits of their appeal. ECF No. 50.

7th Cir. Doc. 135 at 12 n.3.

The State opposed en banc reconsideration, observing (among other things) that Plaintiffs-Appellees had failed to address "the 'first and most important question' in evaluating a stay—and for that matter, the underlying preliminary injunction—the parties' chances on the merits." 7th Cir. Doc. 136 at 7 (quoting *Frank v. Walker*, 769 F.3d 494, 495–96 (7th Cir. 2014)). The State also observed that it was "difficult to take seriously" Plaintiffs-Appellees' footnoted assertion that the State stood no chance of succeeding on its appeal because the stay issued only after briefing and was consistent with decisions by two other courts. *Id.* at 8.

Plaintiffs-Appellees responded by filing a reply with pages of argument regarding their likelihood of succeeding on equal-protection, substantive-due-process, and First Amendment challenges to S.E.A. 480. *See* 7th Cir. Doc. 137 at 1–5.

**ARGUMENT**

The Court should strike (or disregard) the constitutional arguments that Plaintiffs-Appellees raise for the first time on reply. Under Federal Rule of Appellate Procedure 27, a "motion must state with particularity the grounds for the motion, the

relief sought, and the legal argument necessary to support it." Fed. R. App. P. 27(a)(2)(A). In their latest motion for en banc reconsideration, however, Plaintiffs-Appellees did not "state with particularity" the reasons they believe S.E.A. 480 is unconstitutional or develop the "legal argument necessary to support" their position. *Id.* Plaintiffs-Appellees mentioned constitutional considerations only in a two-sentence footnote devoid of any legal authority. *See* 7th Cir. Doc. 135 at 12 n.3. As this Court has "often said," such "undeveloped footnote[s]" are insufficient to preserve an issue. *Harmon v. Gordon*, 712 F.3d 1044, 1053 (7th Cir. 2013); *see Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 848 F.3d 822, 829 (7th Cir. 2017) ("A party may waive an argument by presenting it only in an undeveloped footnote.").

Plaintiffs-Appellees now attempt to address S.E.A. 480's constitutionality on reply, devoting several pages to the Equal Protection Clause, substantive due process, and the First Amendment. *See* 7th Cir. Doc. 137 at 1–5. But it is "well settled that arguments raised for the first time in a reply brief are waived." *Rudell v. Comprehensive Acct. Corp.*, 802 F.2d 926, 933 n.8 (7th Cir. 1986) (granting motion to strike new arguments); *see Nelson v. La Crosse Cnty. Dist. Att'y (State of Wis.)*, 301 F.3d 820, 836 (7th Cir. 2002). And by holding back their merits arguments for reply, Plaintiffs-Appellees have left the State without a "chance to respond." *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021). Accordingly, the Court should follow its practice of striking (or disregarding) the arguments that Plaintiffs-Appellees have raised for the first time on reply. *See, e.g., United States v. Hughes*, 970 F.2d 227, 235

n.6 (7th Cir. 1992); *Moore v. Am. Fam. Mut. Ins. Co.*, 936 F.2d 575 (7th Cir. 1991); *Gold v. Wolpert*, 876 F.2d 1327, 1331 n.6 (7th Cir. 1989); *Rudell*, 802 F.2d at 933 n.8.

Plaintiffs-Appellees, moreover, cannot claim that the State somehow opened the door to the arguments they now make. In its opposition, the State observed Plaintiffs-Appellees' position that "the State is 'unlikely to succeed on the merits' is difficult to take seriously," observing the stay had issued after full briefing and was consistent with two other appellate decisions. 7th Doc. 136 at 7–8 (citation omitted). But Plaintiffs-Appellees go far beyond addressing those limited points. They spend several pages building out constitutional arguments that could have been developed previously, even going so far as to discuss arguments made in the appeal briefs, *see* 7th Cir. Doc. 137 at 3 (citing the State's merits brief, 7th Cir. Doc. 50), and First Amendment issues nowhere addressed in either of the decisions cited, *see id.* at 4–5. Entertaining those arguments would allow Plaintiffs-Appellees to circumvent the rules governing motions practice and issue preservation to the State's detriment.

## CONCLUSION

The motion to strike should be granted.

Respectfully submitted,

THEODORE E. ROKITA
Indiana Attorney General

By: /s/ James A. Barta
James A. Barta
Solicitor General

Office of the Indiana Attorney General
IGC-South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204-2770
Telephone: (317) 232-0709
Fax: (317) 232-7979
Email: James.Barta@atg.in.gov

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this document contains 888 words, excluding the parts exempted by Fed. R. App. P. 27(d)(2) and Fed. R. App. P. 27(a)(2)(B).

2. This document complies with the typeface requirements of Circuit Rule 32(b) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Century Schoolbook 12-point font.

Dated: April 16, 2024       /s/ James A. Barta
                  JAMES A. BARTA
                  Solicitor General

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 16, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

      /s/ James A. Barta
      JAMES A. BARTA
      Solicitor General

Office of the Indiana Attorney General
Indiana Government Center South, Fifth Floor
302 W. Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 232-0709
Facsimile: (317) 232-7979
James.Barta@atg.in.gov