

May 7, 2024

Office of the Clerk
U.S. Court of Appeals for the Seventh Circuit
219 S. Dearborn St., Rm. 2722
Chicago, Illinois 60604

    Re:    *K.C., et al. v. Individual Members of Med. Licensing Bd. of Ind., et al*.
              No. 23-2366; Rule 28(j) Notice - <u>Amended to provide signed Certificate of Compliance</u>

Dear Clerk:

Pursuant to Rule 28(j), I provide the supplemental authority of *Kadel v. Folwell*, No. 22-1721, 2024 WL 1846802 (4th Cir. Apr. 29, 2024) (*en banc*), and *Doe v. Rocky Mountain Classical Academy*, No. 22-1369, 2024 WL 1867449 (10th Cir. Apr. 30, 2024).

In *Kadel*, the *en banc* Fourth Circuit held that two state healthcare plans' categorical exclusions for gender-affirming medical care violated the Fourteenth Amendment's Equal Protection Clause. *Id.* at *26. Consistent with Plaintiffs-Appellees' arguments here (ECF No. 50 at 23-32), the court held that the exclusions were subject to heightened scrutiny because they classify based on transgender status and sex. *Id.* at *16-20. The court held it was "textbook sex discrimination" where "we can determine whether some patients will be eliminated from candidacy for these surgeries solely from knowing their sex assigned at birth," and "conditioning access to these surgeries based on a patient's sex assigned at birth stems from gender stereotypes about how men or women should present." *Id.* at *17.

As Plaintiffs-Appellees argued (ECF No. 50 at 20, 28-29), the Fourth Circuit also rejected arguments that *Geduldig v. Aeillo*, 417 U.S. 484 (1974) forecloses the application of heightened scrutiny to gender-affirming medical care bans. *Id.* at *11. Even the principal dissent agreed that the Supreme Court's analysis from *Bostock v. Clayton County*, 590 U.S. 644 (2020), applies to Fourteenth Amendment equal protection claims. *See id.* at *35-40 (Richardson, J., dissenting). Plaintiffs-Appellees argued as much. *See* ECF No. 50 at 24-25, 29.

In *Doe*, the Tenth Circuit held that "courts must evaluate sex-based classifications under intermediate scrutiny." 2024 WL 1867449, at *2. Because the challenged dress code "employs a sex-based classification: girls can do something boys cannot," the district court erred by failing to apply intermediate scrutiny. *Id*. The *Kadel* court also rejects the idea a sex-based classification that applies to everyone is somehow insulated from heightened scrutiny. *Kadel*, 2024 WL 1846802, at *12 (noting that the Supreme Court long ago rejected the "tautological" argument that a law is facially neutral if it "applies equally to all to whom it applies.").

Thank you very much.

Very truly yours,

Kenneth J. Falk
Attorney at Law

Cc: Counsel of record (via CM/ECF)

### Certificate of Compliance

I hereby certify that this document complies with the word limit set forth in Rule of Appellate Procedure 28(j) because the body of the letter contains no more than 350 words.

May 7, 2024

*Kenneth J. Falk*
Kenneth J. Falk
Attorney at Law