

OFFICE OF THE ATTORNEY GENERAL
STATE OF INDIANA

302 W. WASHINGTON ST. IGCS 5TH FLOOR
INDIANAPOLIS, IN 46204-2770

TODD ROKITA
ATTORNEY GENERAL

May 23, 2024

Office of the Clerk
U.S. Court of Appeals for the Seventh Circuit
219 S. Dearborn St., Rm. 2722
Chicago, Illinois 60604

      Re:    Response to Rule 28(j) notice in *K.C. v. Individual Members of the Med. Licensing Bd. of Ind.*, No. 23-2366

Dear Clerk:

      The State respectfully submits this response to Plaintiffs-Appellees' notice of supplemental authority, Dkt. 142.

      The majority decision in *Kadel v. Folwell*, 100 F.4th 122 (4th Cir. 2024) (en banc)—which addresses health plans' exclusion of coverage for certain gender-transition procedures—rests on premises absent here. First, the majority *began* with the view that "gender identity is a [constitutionally] protected characteristic" in its own right. *Id.* at 143. That is not the law of this Circuit; nor should it be. Opening Br. 40–42. Second, the majority relied on plan-specific reasons in rejecting arguments that the challenged exclusion served an important government interest in protecting public health. It observed one plan "did not know why the exclusion was adopted," and the other relied on rationales "created for . . . litigation." *Kadel*, 100 F.4th at 156–57. But here, as the district court acknowledged, S.E.A. 480 was adopted for "legitimate" and "important reasons"—namely, that "the safety and effectiveness of puberty blockers and hormone therapy is uncertain and unsettled." SA1, SA21, SA23.

      Even under the specific circumstances in *Kadel*, the *Kadel* majority's decision is deeply flawed. As the six dissenting judges in *Kadel* explained, the regulation of unproven medical interventions for gender dysphoria does not trigger heightened scrutiny. *See Kadel*, 100 F.4th at 172–77 (Richardson, J., dissenting).

      *Doe v. Rocky Mountain Classical Academy*, 99 F.4th 1256 (10th Cir. 2024), is inapplicable as well. That case involved a school dress code that prohibited boys from wearing earrings while permitting girls to do so. *Id.* at 1258. In contrast, S.E.A. 480 prohibits gender-transition procedures for both boys and girls. Opening Br. 32–33.

Moreover, as the Tenth Circuit noted, this Court applies a different standard to dress codes. *See Doe*, 99 F.4th at 1260. And whatever the proper standard for dress codes regulating articles that both sexes can wear, Supreme Court precedent establishes that S.E.A. 480's regulation of "medical procedure[s] that only one sex can undergo does not trigger heightened constitutional scrutiny." *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 236 (2022); *see* Opening Br. 33–36; Reply 3–7.

Sincerely,

James A. Barta
Solicitor General

cc:  Counsel of record (via CM/ECF)

# CERTIFICATE OF COMPLIANCE

This document complies with the word limit set forth in Rule of Appellate Procedure 28(j) because the body of the letter contains 349 words.

May 23, 2024

/s/ James A. Barta
JAMES A. BARTA
Solicitor General