IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

———————————————————

No. 23-2366

K.C., *et al.*,

Plaintiffs/Appellees,

v.

INDIVIDUAL MEMBERS OF THE MEDICAL LICENSING
BOARD OF INDIANA, *et al.*

Defendants/Appellants

———————————————————

On Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division
No. 1:23-cv-00595-JPH-KMB,
The Honorable James P. Hanlon, Judge

———————————————————

## PETITION FOR REHEARING EN BANC
———————————————————

Kenneth J. Falk
*Counsel of Record*
Gavin M. Rose
Stevie J. Pactor
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
kfalk@aclu-in.org
grose@aclu-in.org
spactor@aclu-in.org

Chase Strangio
Harper Seldin
American Civil Liberties Union
125 Broad Street
New York, N.Y. 10004
212/549-2500
cstrangio@aclu-in.org
hseldin@aclu-in.org

*Counsel for Appellees*

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 23-2366

Short Caption: K.C. et al.. v. Individual Members of the Medical Licensing Board, et al.

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

K.C., Nathaniel & Beth Clawson; M.W., Ryan & Lisa Welch; A.M, Emily Morris; M.R., Maria Rivera, Catherine Bast,MD

Mosaic Health & Healing Arts, Inc. (Unredacted disclosure statement filed and sealed pursuant to July 17, 2023 Order)

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

ACLU of Indiana, American Civil Liberties Union

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

    None

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

    None

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

Attorney's Signature: /s/ Kenneth J. Falk    Date: September 18, 2023

Attorney's Printed Name: Kenneth J. Falk

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    **Yes** ✓    **No** ☐

Address: ACLU of Indiana, 1031 E. Washington St., Indianapolis, IN 46202

Phone Number: 317/635-4059    Fax Number: 317/635-4105

E-Mail Address: kfalk@aclu-in.org

Save As     Clear Form

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 23-2366

Short Caption: K.C., et al. v. Individual Members of the Medical Licensing Board of Indiana, et al.

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

    ☐    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

K.C., Nathaniel & Beth Clawson, M.W., Ryan &Lisa Welch, A.M., Emily Morris, M.R., Maria Rivera, Catherine Bast, M.[

and Mosaic Health & Healing Arts, Inc. Full names of minors included in sealed disclosure statement of Kenneth J. Fal[

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

ACLU of Indiana, American Civil Liberties Union

(3)    If the party, amicus or intervenor is a corporation:

i)    Identify all its parent corporations, if any; and

None

ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

None

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

Attorney's Signature: /s/ Gavin M. Rose    Date: July 14, 2023

Attorney's Printed Name: Gavin M. Rose

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes ☐    No ☑

Address: 1031 E. Washington St.

Indianapolis, IN 46202

Phone Number: 317/635-4059    Fax Number: 317/635-4105

E-Mail Address: grose@aclu-in.org

rev. 12/19 AK

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 23-2366

Short Caption: K.C., et al. v. Individual Members of the Medical Licensing Board of Indiana, et al.

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐     **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)   The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
K.C., Nathaniel & Beth Clawson, M.W., Ryan &Lisa Welch, A.M., Emily Morris, M.R., Maria Rivera, Catherine Bast, M.[

and Mosaic Health & Healing Arts, Inc. Full names of minors included in sealed disclosure statement of Kenneth J. Fa[

(2)   The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
ACLU of Indiana, American Civil Liberties Union

(3)   If the party, amicus or intervenor is a corporation:

    i)     Identify all its parent corporations, if any; and

        None

    ii)     list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        None

(4)   Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

    N/A

(5)   Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

    N/A

Attorney's Signature: /s/ Stevie J. Pactor      Date: July 19, 2023

Attorney's Printed Name: Stevie J. Pactor

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes ☐   No ☑

Address: 1031 E. Washington St.

Indianapolis, IN 46202

Phone Number: 317/635-4059      Fax Number: 317/635-4105

E-Mail Address: spactor@aclu-in.org

rev. 12/19 AK

Save As     Clear Form

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 23-2366

Short Caption: K.C., et al. v. Individual Members of the Medical Licensing Board of Indiana, et al.

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information.  The text of the statement must also be included in the front of the table of contents of the party's main brief.  **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate  disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

K.C., Nathaniel & Beth Clawson, M.W., Ryan & Lisa Welch, A.M., Emily Morris, M.R., Maria Rivera, Catherine Bast, &

Mosaic Health & Healing Arts, Inc. Full names of minors included in sealed disclosure statement of Kenneth J. Falk.

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

ACLU of Indiana; American Civil Liberties Union

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

    None

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

    None

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

Attorney's Signature: /s/ Chase Strangio    Date: August 23, 2023

Attorney's Printed Name: Chase Strangio

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes ☐    No ☑

Address: 125 Broad Street, New York, NY 10004

Phone Number: 212-549-2500    Fax Number:

E-Mail Address: cstrangio@aclu.org

rev. 12/19 AK

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 23-2366

Short Caption: K.C., et al. v. Individual Members of the Medical Licensing Board of Indiana, et al.

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐      **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
   K.C., Nathani & Beth Clawson, M.W., Ryan & Lisa Welch, A.M., Emily Morris, M.R., Maria Rivera, Catherine Bast, &

   Mosaic Health & Healing Arts, Inc. Full names of minors included in sealed disclosure statement of Kenneth J. Falk.

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
   ACLU of Indiana; American Civil Liberties Union.


(3)    If the party, amicus or intervenor is a corporation:

   i)      Identify all its parent corporations, if any; and

           None

   ii)     list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

           None

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

   N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

   N/A

Attorney's Signature: /s/ Harper Seldin          Date: August 29, 2023

Attorney's Printed Name: Harper Seldin

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes ☐    No ☑

Address: 125 Broad Street, New York, NY 10004


Phone Number: 267-615-4686          Fax Number:

E-Mail Address: hseldin@aclu.org

rev. 12/19 AK

# TABLE OF CONTENTS

Table of Authorities………………………………………………………….. i

Statement in Support of Rehearing En Banc .......................................................... 1

Introduction ............................................................................................................. 1

Argument ................................................................................................................. 3

I. The panel majority's decision that SEA 480 does not discriminate based on sex cannot be reconciled with the Supreme Court and Circuit precedent, but en banc review should be deferred until after the Supreme Court's determination in *United States v. Skrmetti* ........................................................................................................ 3

II. The panel majority's determination that SEA 480 does not impinge upon the fundamental rights of parents to direct their minor children's medical care conflicts with Supreme Court precedent .. 4

III. The panel majority's conclusion that the aiding and abetting provision does not violate the First Amendment is erroneous, conflicts with *Holder* and *Bigelow*, and creates a circuit split ....... 7

A. SEA 480 prohibits the speech of the appellee-providers and this speech is not incidental to unlawful conduct ................ 8

1. The decision of the panel majority conflicts directly with decisions of the Supreme Court .......................... 8

2. The panel majority's decision conflicts with a recent decision from another federal appellate court ........... 12

B. Even if SEA 480 is deemed to have only an incidental burden on speech, it fails the required intermediate scrutiny ......... 13

IV. This case presents issues of exceptional importance ...................... 14

Conclusion .............................................................................................................. 15

Certificate of Compliance ..................................................................................... 16

[1]

# TABLE OF AUTHORITIES

**Cases:**

*A.C. v. Metropolitan School District of Martinsville,* 75 F.4th 760 (7th Cir. 2023), *cert. denied*, 144 S. Ct. 683 (2024)................................................................................. 1, 2

*BBL, Inc. v. City of Angola*, 809 F.3d 317 (7th Cir. 2015) ............................................. 13

*Bigelow v. Virginia*, 421 U.S. 809 (1975).................................................................. *passim*

*Bostock v. Clayton County*, 590 U.S. 644 (2020) ......................................................... 1, 2, 4

*Congregation of the Passion, Holy Cross Province v. Kidder Peabody & Co., Inc.*, 800 F.2d 177 (7th Cir. 1986) ....................................................................................... 10

*Cruzan v. Director, Missouri Dept. of Health*, 497 U.S. 261 (1990)............................... 6

*Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022) ......................................... 5

*Doe v. City of Lafayette, Ind.*, 377 F.3d 757 (7th Cir. 2004) (en banc),.......................... 5

*Friend v. Gasparino*, 61 F.4th 77 (2d Cir. 2023).................................................................. 9

*Giboney v. Empire Storage & Ice Co.*, 336 U.S. 490 (1949) ............................................. 9

*Heller v. Doe by Doe*, 509 U.S. 312 (1993) ......................................................................... 6

*Holder v. Humanitarian Law Project*, 561 U.S. 1 (2010).......................................... *passim*

*K.C. v. Individual Members of Med. Licensing Bd., Ind.*, 121 F.4th 604 (7th Cir. 2024) ........................................................................................................................... *passim*

*L.W. v. Skrmetti*, 83 F.4th 460 (6th Cir. 2023), *petition for cert. filed*, No. 23-466 (Nov. 1, 2023)............................................................................................................... 5

*Nat'l Inst. of Fam. & Life Advocs. v. Becerra*, 585 U.S 755 (2018) ............................... 12

*Parham v. J.R.*, 442 U.S. 584 (1979).......................................................................... *passim*

*Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky v. Labrador*, –F.4th–, 2024 WL 4966057 (9th Cir. Dec. 4, 2024). .......................... *passim*

*Rakestraw v. United Airlines, Inc.*, 989 F.2d 944 (7th Cir. 1993) ................................. 12

*Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155 (2015) ....................................................... 11

*Reno v. Flores*, 507 U.S. 292 (1993) ...................................................................................... 7

*Teague v. Lane*, 820 F.2d 832 (7th Cir. 1987) ..................................................................... 4

*Troxel v. Granville*, 530 U.S. 57 (2000) ......................................................................... 5, 7

*United States v. Hansen*, 599 U.S. 762 (2023) .................................................................. 9

*United States v. O'Brien*, 391 U.S. 367 (1968) ......................................................... 13, 14

*United States v. Skrmetti¸* No. 23-477 (2024) ................................................................ 3-5

*United States v. Virginia*, 518 U.S. 515 (1996) ................................................................ 4

*United States v. Williams*, 553 U.S. 285 (2008) .............................................................. 9

*Whitaker ex rel. Whitaker v. Kenosha Unified School District No. 1 Board of Education*, 858 F.3d 1034 (7th Cir. 2017)……………………………………………1, 2, 4


**Statutes:**

Ind. Code §§ 25-1-22-5(a) ......................................................................................................... 2

Ind. Code 25-1-22-13(a) ............................................................................................................ 2

Ind. Code § 25-1-22-13(b) ........................................................................................................ 2


**Rules:**

Fed. R. App. 40(b)(2)(C) .......................................................................................................... 12

**Other Authorities:**

Movement Advancement Project, *Bans on Best Practice Medical Care for Transgender Youth*, https://www.lgbtmap.org/equality-maps/healthcare_youth_medical_ care_bans…………………………………………………………………………………..8

## STATEMENT IN SUPPORT OF REHEARING EN BANC

The panel's divided decision in this case conflicts with Supreme Court precedent (*Bostock v. Clayton County*, 590 U.S. 644 (2020), *Holder v. Humanitarian Law Project*, 561 U.S. 1 (2010), *Parham v. J.R.*, 442 U.S. 584 (1979), and *Bigelow v. Virginia*, 421 U.S. 809 (1975)), Circuit precedent (*A.C. v. Metropolitan School District of Martinsville,* 75 F.4th 760 (7th Cir. 2023), *cert. denied*, 144 S. Ct. 683 (2024), and *Whitaker ex rel. Whitaker v. Kenosha Unified School District No. 1 Board of Education*, 858 F.3d 1034 (7th Cir. 2017)), and the authoritative decision of another federal appellate court (*Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky v. Labrador*, –F.4th–, 2024 WL 4966057 (9th Cir. Dec. 4, 2024)). Moreover, the case presents issues of exceptional importance as it concerns the denial of necessary medical care to extremely vulnerable youth. En banc review is warranted to correct these errors.

## INTRODUCTION

Senate Enrolled Act 480 ("SEA 480") prohibits transgender Hoosier youth from receiving gender-affirming medical care, consisting of medicines to temporarily pause puberty as well as hormone therapy, *i.e.*, testosterone for transgender boys and testosterone suppression and estrogen for transgender girls, to allow them to go through hormonal puberty in accordance with their gender identity. Ind. Code §§ 25-

1-22-5(a), 25-1-22-13(a).[1] These banned medical interventions may be prescribed for any purpose other than "gender transition." Ind. Code § 25-1-22-5(b). In addition to prohibiting physicians or other practitioners (together "providers") from knowingly providing gender-transition procedures to minors, SEA 480 prohibits these persons from "aid[ing] or abet[ting] another physician or practitioner" in the provision of the banned care. Ind. Code § 25-1-22-13(b). That provision prevents providers from sharing truthful information about the availability of legal, out-of-state care with transgender youth and their families.

In reversing the district court's preliminary injunction allowing this essential health care for transgender youth to continue, the panel majority held the statute's discrimination against transgender youth was not sex discrimination subjected to heightened scrutiny. *K.C. v. Individual Members of Med. Licensing Bd., Ind.*, 121 F.4th 604, 616-20 (7th Cir. 2024). This is erroneous and contravenes *Bostock*, *A.C.*, and *Whitaker*. The majority also erred in concluding that SEA 480 does not violate the due process rights of the appellee-parents seeking to obtain necessary medical care for their children, 121 F.4th at 623-28, despite Supreme Court precedent recognizing parents' fundamental right to direct their minor children's medical care. *See, e.g., Parham*.

The district court also preliminarily enjoined the "aiding or abetting" provisions of SEA 480 insofar as they prevented the appellee-providers from

---

[1]    SEA 480 also prohibits gender-affirming surgery, Ind. Code § 25-1-22-5(a). However, no such surgery is provided to minors in Indiana. (S.A. 2).

furnishing patient referrals to out-of-state practitioners who are lawfully able to provide gender-affirming medical care and from supplying other information, including medical records, to those providers. (Dist. Ct. Dkt. 68 at 1). Even though, as applied in these instances, the "aiding or abetting" provision prohibits the appellee-providers from engaging in pure speech about activities that are lawful in the other states, the majority concluded that the district court erred in finding SEA 480 likely violates the First Amendment.[2] This holding cannot be reconciled with, and is contrary to, Supreme Court cases, including *Bigelow v. Virginia*, 421 U.S. 809 (1975) and *Holder v. Humanitarian Law Project*, 561 U.S. 1 (2010). It also conflicts squarely with the Ninth Circuit's recent decision in *Labrador*.

## ARGUMENT

**I.    The panel majority's decision that SEA 480 does not discriminate based on sex cannot be reconciled with Supreme Court and Circuit precedent, but en banc review should be deferred until after the Supreme Court's determination in *United States v. Skrmetti***

The bottom line is that if an Indiana physician has been informed that a new minor patient has been referred for the administration of, for example, testosterone because he has not yet undergone typical male puberty, the doctor will not know if she can prescribe the hormone unless she knows the sex assigned to the youth at birth. A youth assigned male at birth can receive the testosterone, but a transgender

---

[2]    The representatives of the class of appellee-providers, Dr. Bast and Mosaic Health and Healing Arts, are no longer providing services in Indiana. (Dist. Ct. Dkt. 131). Proceedings in the district court are stayed pending this appeal and the parties have agreed to defer consideration of any issues concerning the class and its representation until the conclusion of the appeal. (*Id.* at 130, 131).

male cannot. This is a line drawn facially based on sex. The law "unavoidably discriminates against persons with one sex identified at birth and another today." *Bostock*, 590 U.S. at 669. Because the law's prohibition "cannot be stated without referencing sex," it creates a sex-based classification for purposes of equal protection. *Whitaker*, 858 F.3d at 1051. This reliance on "sex-based classifications . . . is therefore subject to heightened scrutiny." *A.C.,* 75 F.4th at 772 (citing *Whitaker*); *see also United States v. Virginia*, 518 U.S. 515, 524, 533 (1996).

The Supreme Court is considering whether a comparable Tennessee statute banning gender-affirming medical care for minors triggers heightened scrutiny as discrimination based on sex. *United States v. Skrmetti¸* No. 23-477 (oral argument conducted on December 4, 2024). Although the panel majority's decision is incorrect based on existing Circuit and Supreme Court precedent, it is in the interest of judicial economy for this Court to defer rehearing on this issue until after the Supreme Court's likely dispositive decision in *Skrmetti*. This Court should therefore hold the mandate in abeyance until after the Supreme Court decides *Skrmetti. See, e.g.*, *Teague v. Lane*, 820 F.2d 832, 833 n.1 (7th Cir. 1987) (en banc) (noting that the rehearing en banc was postponed until after the Supreme Court had decided a related case).

## II. The panel majority's determination that SEA 480 does not impinge upon the fundamental rights of parents to direct their minor children's medical care conflicts with Supreme Court precedent

The district court did not reach the claims of the appellee-parents that SEA 480 interferes with their fundamental due process right to obtain necessary medical

care for their children. The panel majority erroneously defined the right at issue as the right of "parents to access gender transition procedures for their children." 121 F.3d at 624. Having defined the right in this extremely narrow manner, the panel majority concluded that the right was not "deeply rooted" in history and tradition. *Id.* at 625 (quoting *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 237 (2022)). While any fundamental right protected by due process must be defined in a manner "that is specific and concrete [and] avoids sweeping abstractions and generalities," *Doe v. City of Lafayette, Ind.*, 377 F.3d 757, 769 (7th Cir. 2004) (en banc), the panel majority erred in defining the right so narrowly.[3]

For the past century, the Supreme Court has decided an unbroken chain of cases recognizing that "the interest of parents in care, custody, and control of their children" is "perhaps the oldest of the fundamental liberty interests recognized by this Court." *Troxel v. Granville*, 530 U.S. 57, 65 (2000) (citing numerous Supreme Court cases stretching back to 1923, including *Parham*). The right of parents to control their children's care and upbringing is about as deeply rooted in history and tradition as can be.

In *Parham,* the Court held, in the context of parents seeking voluntary psychiatric commitment for their children, that this fundamental right of parental control necessarily includes the "plenary authority to seek such care for their children, subject to a physician's independent medical examination and medical

---

[3]     The due process claim is not part of the *Skrmetti* case recently argued in the Supreme Court. It was part of the underlying Sixth Circuit decision and was raised in a still-pending petition for a writ of certiorari. *See L.W. v. Skrmetti*, 83 F.4th 460, 475 (6th Cir. 2023), *petition for cert. filed*, No. 23-466 (Nov. 1, 2023).

judgment." 442 U.S. at 604. As if to rebut the panel majority's insistence here that the right is somehow limited to a particular medical procedure, the *Parham* Court stressed that this authority to seek medical care includes the ability to make decisions to obtain "a tonsillectomy, appendectomy, or other medical procedure." *Id.* at 603.

The gender-affirming medical care barred by SEA 480 is most definitely a "medical procedure." However, the panel majority dismissed *Parham* as a case "about the limits of parental discretion." 121 F.4th at 626.[4] But *Parham* involved parents who sought medical care for their children, and the Court recognized that the parents had the constitutional right to make those determinations.

Of course, the right established by *Parham* does not overcome a State's ability to ban the care for all its citizens, assuming such a general ban meets constitutional standards. *Id.* at 627. But gender-affirming care is an available medical treatment for adults in Indiana, and it is banned only for transgender minors, regardless of parental consent.

It is true that parental rights are not absolute. But, as fundamental rights, they cannot be infringed "unless the infringement is narrowly tailored to serve a compelling state interest." *Reno v. Flores*, 507 U.S. 292, 302 (1993) (citations omitted). The State's evidence submitted to the district court comes nowhere close to satisfying

---

[4] The majority also cites *Cruzan v. Director, Missouri Dept. of Health*, 497 U.S. 261 (1990), where the petitioners argued that under *Parham* the substituted judgment of family members should be honored where they sought to remove an adult from life support. *K.C.*, 121 F.4th at 626 (citing *Cruzan,* 497 U.S. at 286). But the Court in *Cruzan* noted that *Parham* concerned minors and there is no constitutional right demanding the state recognize family decisionmaking for adults. 497 U.S. at 286. After all, *Parham* is "a case about parents' rights over their minor children," and *Cruzan* is not. *Heller v. Doe by Doe*, 509 U.S. 312, 349 (1993) (Souter, J., dissenting).

this heavy burden. At most, the evidence establishes that some have argued the treatment carries risks, but the existence of "risk[ ] does not automatically transfer the power to make [the healthcare] decision from the parents to some agency or officer of the state." *Parham*, 442 U.S. at 603. And as recognized by the district court, the appellees presented evidence that, far from protecting the appellee-youth, the denial of the gender-affirming medical care will expose them to serious "additional distress and health risks." (S.A. 25).

"[S]o long as a parent adequately cares for his or her children (*i.e.,* is fit), there will normally be no reason for the State to inject itself into the private realm of the family to further question the ability of that parent to make the best decisions concerning the rearing of that parent's children." *Troxel*, 530 U.S. at 68-69. The panel majority ignores this essential point. Rehearing en banc is warranted to correct this error.

III. **The panel majority's conclusion that the aiding and abetting provision does not violate the First Amendment is erroneous, conflicts with *Holder* and *Bigelow*, and creates a circuit split**

The panel majority concluded that the district court erred in finding the aiding and abetting provision to be likely unconstitutional. The majority also concluded that it is not clear that the law prohibits anything other than speech integral to unlawful conduct and even if it impinges on protected expression, such impact is only incidental. This ignores the facts in this case and conflicts with *Holder*, *Bigelow*, and other Supreme Court cases. It also conflicts with the Ninth Circuit's recent *Labrador* decision.

**A.    SEA 480 prohibits the speech of the appellee-providers and this speech is not incidental to unlawful conduct**

    **1.    The decision of the panel majority conflicts directly with decisions of the Supreme Court**

As Judge Jackson-Akiwumi states in dissent, the panel majority's holding is predicated on a basic misunderstanding of the facts. 121 F.4th at 643-44 (Jackson-Akiwumi, J., dissenting). Although the panel majority notes that the aiding and abetting statute *could* apply to conduct and *could* apply if the appellee-providers made referrals to other Indiana practitioners providing prohibited gender-affirming medical care (although there is no indication that any such in-state providers exist given that the care is prohibited), 121 F.4th at 630, the record demonstrates that this is not what the appellee-providers desire to do or how they are being harmed by SEA 480. Instead, the appellee-providers want to refer their patients to out-of-state providers where they can legally obtain the care that is banned in Indiana. (Dist. Ct. Dkt. 26-9 at 4-5).[5] Indeed, such referrals are necessary and consistent with a physician's obligations to their patients. (*Id.*). The appellee-providers also want to cooperate with out-of-state practitioners by talking to them and providing patient records to ensure continuity of care for their former patients. (*Id.* at 5).

As applied to the appellee-providers, the statute regulates what they can say in directing their patients to out-of-state practitioners and in responding to requests from those practitioners. The panel majority does not appear to dispute this but

---

[5]    Such care is available in the contiguous states of Illinois and Michigan. Movement Advancement Project, *Bans on Best Practice Medical Care for Transgender Youth*, https://www.lgbtmap.org/equality-maps/healthcare_youth_medical_care_bans (last visited Dec. 11, 2024).

concludes that the speech can be prohibited as integral to unlawful conduct, relying on *United States v. Hansen*, 599 U.S. 762 (2023).

In *Hansen*, the Court concluded the defendant could be held criminally liable for encouraging or inducing a person to facilitate specific acts violating federal law. *Id.* at 781. This is because speech "intended to induce or commence illegal activities" is not protected by the First Amendment. *United States v. Williams*, 553 U.S. 285, 298 (2008). As the Court noted in *Giboney v. Empire Storage & Ice Co.*, 336 U.S. 490 (1949), the First Amendment does not "extend[ ] its immunity to speech or writing used as an integral part of conduct in violation of a valid criminal statute." *Id.* at 688. Conversely, when "there is no predicate crime," speech cannot be deemed "unprotected for being integral to criminal conduct." *Friend v. Gasparino*, 61 F.4th 77, 90 (2d Cir. 2023) (internal quotation and citation omitted).

The problem with the panel majority's analysis is that the speech the appellee-providers wish to engage in is to advise their patients about how to seek *lawful* medical care in other states, and to discuss their patients with practitioners who engage in that *lawful* behavior. At oral argument, the State conceded that the aiding and abetting prohibition bans precisely those out-of-state communications. (Oral Argument of Feb. 16, 2024 at 19:00–19:37).

The Supreme Court has long held that informing a person about a service that is lawful in one state is protected by the First Amendment, even if that service is unlawful in the state where the information is received. This is the precise holding of *Bigelow* where the Court reversed the conviction of a Virginia newspaper publisher

for running an advertisement for abortion services in New York, where abortion was legal, even though it was illegal in Virginia. The Court determined "[a] State does not acquire power or supervision over the internal affairs of another State merely because the welfare and health of its own citizens may be affected when they travel to that State." 421 U.S. at 824. "It may seek to disseminate information so as to enable its citizens to make better informed decisions when they leave." *Id*. But it may not punish the dissemination of information about activities that are lawful in the foreign state, which is precisely what SEA 480 does to the appellee-providers. *Id*. at 824-25. "[T]here can be no aiding and abetting violation" where the party who has been aided or abetted did not violate any law. *Congregation of the Passion, Holy Cross Province v. Kidder Peabody & Co., Inc.*, 800 F.2d 177, 183 (7th Cir. 1986). The decision of the panel majority is directly contrary to and cannot be reconciled with *Bigelow*.

The panel majority compounded its error by concluding that even if SEA 480 "does more than regulate speech integral to unlawful conduct" any burden is incidental because the statute targets the conduct of facilitating the provision of gender-affirming medical care. 121 F.4th at 629. That completely ignores *Holder*, where the Court addressed a federal prohibition on the provision of "material support or resources" to certain foreign terrorist organizations. 561 U.S. at 7. Given that the prohibited activity "most often does not take the form of speech at all," the government contended that "the only thing truly at issue [was] conduct" and any burden on speech was merely incidental to the statute's regulation of conduct. *Id*. at 26. The Supreme Court unequivocally rejected this argument. "The law here may be

described as directed at conduct . . . but as applied to plaintiffs the conduct triggering coverage under the statute consists of communicating a message." *Id.* at 28. Therefore, the Supreme Court subjected the statute to the strict scrutiny demanded of enactments directly impinging on First Amendment expression. *Id.*

The same is true here. SEA 480 targets the message communicated by the appellee-providers. As providers are free to talk about anything else, this is a content- and viewpoint-based regulation of speech that can be upheld only if it is narrowly tailored to forward a compelling governmental interest. *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 171 (2015). The State claims a compelling interest in preventing the harm that may be caused to children who receive this widely accepted form of medical care. But a state's interest in shielding its citizens from information about legal out-of-state medical services that is not "deceptive or fraudulent" and that does not "further[ ] a criminal scheme" in the state is "entitled to little, if any, weight." *Bigelow*, 421 U.S. at 828.

Regardless of the strength of the State's interest, SEA 480 is not narrowly tailored to serve it. Information about minors' options for obtaining gender-affirming medical care is available from a wide variety of sources, but Indiana has not chosen to prohibit these other sources of information. It has instead prohibited appellee-providers from sharing vital information with patients and out-of-state providers. It is not enough under strict scrutiny for the State to argue that it wants to protect minors when SEA 480 prohibits the provision of medical information that will safeguard their out-of-state treatment.

### 2.	The panel majority's decision conflicts with a recent decision from another federal appellate court

En banc review is appropriate when a panel's decision creates a circuit conflict. *See, e.g.,* Fed. R. App. 40(b)(2)(C); *Rakestraw v. United Airlines, Inc.*, 989 F.2d 944, 945 (7th Cir. 1993) (Ripple, J., dissenting from denial of rehearing en banc) ("Because the panel's analysis deviates from established law of the Supreme Court and this court, and because it places this circuit in conflict with other circuits, the petition for rehearing en banc should be granted."). After the panel's decision in this case the Ninth Circuit decided *Labrador* and affirmed a preliminary injunction against an Idaho statute that penalized any health care professional who assists in performing an abortion to the extent that the state attorney general had interpreted the statute as prohibiting patient referrals to out-of-state abortion providers. 2024 WL 4966057, at *2.

In three short paragraphs the Ninth Circuit affirmed the district court's conclusion that the statute likely violated the First Amendment, noting that the statute, as interpreted by the state attorney general, involves "professional medical speech [that] is entitled to at least as much First Amendment protection as other speech." *Id.* at *12 (citing *Nat'l Inst. of Fam. & Life Advocs. v. Becerra*, 585 U.S 755, 767-68 (2018)). The statute, as interpreted, "is not merely an incidental burden. It directly prohibits medical professionals from 'referring' a patient 'across state lines to access abortion services.' That is, it prohibits speech that is distinct from the actual provision of treatment." *Id.* The court recognized that the statute, as interpreted by

the attorney general, "is a content-based restriction on speech because it silences healthcare providers. . . . [and] forbids expression of a particular viewpoint." *Id.*

The *Labrador* decision is entirely consistent with holdings of the Supreme Court and en banc review is needed to remove the conflict created by the panel majority's decision.

**B.    Even if SEA 480 is deemed to have only an incidental burden on speech, it fails the required intermediate scrutiny**

Moreover, as noted by Judge Jackson-Akiwumi in dissent, 121 F.4th at 653-54, the panel majority erred by ignoring the fact that even if SEA 480 is deemed only to have an incidental burden on speech it nevertheless fails the standards set out in *United States v. O'Brien*, 391 U.S. 367 (1968), which establishes "the test for incidental limitations on expressive conduct." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 326 (7th Cir. 2015).[6] Government action with an incidental burden on speech must nevertheless: 1) be within the government's constitutional power; 2) further an important governmental interest; 3) be unrelated to the suppression of free expression, and 4) not restrict First Amendment rights any further than necessary to further the governmental interest. *O'Brien*, 391 U.S. at 377.

As the dissent noted, 121 F.4th at 654, SEA 480 fails each of the *O'Brien* factors as applied to the appellee-providers' desired expression. Indiana has no constitutional

---

[6]    The panel majority refused to consider *O'Brien* because it erroneously concluded that "to the extent SEA 480 regulates speech, it regulates speech integral to unlawful conduct." 122 F.4th at 630 n.4. But the majority went further to conclude that if the statute does burden speech, it creates only an incidental burden. *Id.* at 629-30. Having raised the incidental burden of speech as a possibility, the majority should have applied *O'Brien*.

power to punish lawful activity taking place in another state and does not have a legitimate interest in doing so, *Bigelow*, 421 U.S. at 828, meaning that SEA 480 fails the first two *O'Brien* factors. As far as the third *O'Brien* factor is concerned, "Indiana's interest in regulating the aiding and abetting of conduct is directly related to the suppression of speech itself." *K.C.*, 121 F.4th at 654 (Jackson-Akiwumi, J., dissenting). Finally, because Indiana has no legitimate interest in prohibiting the appellee-providers from assisting their patients in receiving lawful out-of-state care, the restriction on the First Amendment is certainly greater than necessary. Therefore, SEA 480 is likely to violate the First Amendment even if deemed to have only an incidental burden.

## IV.  This case presents issues of exceptional importance

The errors in the panel majority's decision are profound and the result is devastating—the denial of necessary medical care to adolescents who were thriving with the now-banned medical care. Because Indiana has displaced fit parents and infringed on their fundamental right to direct their minor children's medical care, these youth will now be forced to suffer from physical changes that are inconsistent with their gender identities and the depression, anxiety, and suicidality that are a product of untreated gender dysphoria. Alternatively, families will have to look outside of Indiana for medical care and will not be able to rely on the advice and direction of their former Indiana practitioners. The dangers the appellees face are grave and the issues in this case are of exceptional importance.

## CONCLUSION

The petition for rehearing en banc should be granted and the district court's preliminary injunction should be affirmed.

Kenneth J. Falk
*Counsel of Record*
Gavin M. Rose
Stevie J. Pactor
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
grose@aclu-in.org
spactor@aclu-in.org

Chase Strangio
Harper Seldin
American Civil Liberties Union
125 Broad Street
New York, NY 10004
212/549-2500
cstrangio@aclu.org
hseldin@aclu.org

Attorneys for Appellees

## CERTIFICATE OF COMPLIANCE

1.     This document complies with the type-volume limitation of Fed. R. App. 40(b) because this document contains 3,888 words, excluding the parts exempted by Fed. R. App. P. 32(f).

2.     This document complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(E) because this document has prepared using Microsoft Word in Century Schoolbook font with the text in 12-point font and the footnotes in 11-point font.

Kenneth J. Falk
Attorney at Law
